

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

PRICE DANIEL
XXXXXXXXXXXXX

Hon. Tom L. Hartley
Criminal District Attorney
Edinburg, Texas

Dear Sir:                    ATTN:  Mr. Jack Ross

                             Opinion No. O-2998
                             Re:  Salary of the County Treasurer of Hidalgo
                                  County.

        Your recent request for an opinion of this Department
upon the questions as are herein stated has been received.

        Your letter reads in part as follows:

        'Early in the year 1940 and prior to the ex-
    piration of the filing dates for candidates for
    county offices, the Hidalgo County Commissioners'
    Court passed an order reducing the salary of the
    County Treasurer from $225.00 per month to $50.00
    per month, effective January 1, 1941.

        'Hidalgo County has a population of approxi-
    mately 106,000 according to the 1940 census, the
    exact figures not having yet been released.  Ac-
    cording to the 1930 census it had a population of
    77,004.

        'The Commissioners' Court's position is that
    the office of County Treasurer is useless in this
    county for the reason that the duties that might be
    performed by our County Treasurer are performed by
    the auditing department, and that it is a waste of
    money to pay out this sum for a treasurer.

        'The County Treasurer filed, was nominated in
    the primary, and has now been elected, and it is his
    position that in view of the fact the Treasurer's
    salary has been $2,700.00 per year for many years
    and was that amount during the year 1935, the Com-
    missioners' Court is now powerless and was then
    powerless to reduce the amount of his salary below
    the amount paid the holder of that office during
    the year 1935.

. . . .

"We have also read a synopsis of your Opinion No. 0-1354, addressed to Hon. Jack Welch, County Attorney of Cameron County, Texas under date of October 2, 1939, either on a similar and/or identical question. If that opinion will answer the inquiries hereinafter propounded we will appreciate your sending us a copy of the same.

"Taking into consideration the above-stated facts, we respectfully submit for your consideration and opinion the following questions:

"1. Would the Commissioners' Court during the year 1940 have the power and authority to reduce the salary of the County Treasurer of Hidalgo County, Texas from $2,700.00 per year to $600.00 per year?

2. Will the newly elected Commissioners' Court, after properly qualifying on January 1, 1941, have the power to reduce the salary of the County Treasurer of Hidalgo County, Texas, from $2,700.00 per year to $600.00 per year?"

Section 13 of Article 3912e, Vernon's Annotated Civil Statutes reads in part as follows:

"The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit:....treasurer.... Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935;...."

We believe that our Opinions Nos. 0-1354 and 0-2973 are relative to the questions you propound in your inquiry. We are enclosing copies of these opinions for your information.

Under the above-stated facts and in view of Section 13, Article 3912e, supra, and the authorities cited in the above-mentioned opinions, you are respectfully advised that it is the opinion of this Department that the Commissioners' Court of Hidalgo County must fix the salary of the County Treasurer at a sum not less

than the total sum earned as compensation by the County Treasurer in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935. Therefore, your questions as above stated are answered in the negative.

Trusting that the foregoing fully answers your inquiry, we are

Very truly yours

ATTORNEY GENERAL OF TEXAS

By (signed)
    Ardell Williams
    Assistant

AW:AW/JCP

APPROVED JAN 13, 1941
(signed) Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

APPROVED:
Opinion Committee
By B.W.B., Chairman

W.J.F.